**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| BRET KINSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-01184-TWP-TAB |
| | ) | |
| THE LEGEND AT SPEEDWAY Clerk's Entry of Default, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AS TO LIABILITY AND SCHEDULING EVIDENTIARY HEARING ON DAMAGES**

This matter is before the Court on *pro se* Plaintiff Bret Kinsey's ("Kinsey") Rule 55(b) Motion for Default Judgment against Defendant the Legend at Speedway (Dkt. 45). Kinsey's Amended Complaint docketed on August 11, 2025, alleges claims of violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 against Defendants Rent Recovery Solutions ("Rent Recovery") and The Legend at Speedway. (Dkt. 12). He seeks a default judgment after The Legend of Speedway failed to appear or otherwise defend. For the reasons explained below, Kinsey's Motion is **granted** as to liability, and an evidentiary hearing is set on damages.

## I. BACKGROUND

Kinsey initiated this action against The Legend at Speedway, his former apartment complex, and Rent Recovery Solutions, a debt collection agency (Dkt. 12 at 4–5). In his Amended Complaint, Kinsey alleges that sometime prior to 2022, he leased a residential unit at The Legend at Speedway complex. *Id.* He resided in the unit until his lease ended in September 2022. *Id.* In January 2025, Kinsey applied for a credit card and discovered a negative credit entry on his Experian credit report from Rent Recovery Solutions. *Id.* The entry referred to an alleged debt

relating to The Legend at Speedway, almost two-and-a-half years after Kinsey vacated the unit. *Id.* In March 2025, Kinsey's credit card application was denied because of the negative credit entry from The Legend at Speedway. *Id.*

Kinsey never received any communication about the debt, nor were there any attempts to collect the debt by The Legend at Speedway or Rent Recovery Solutions, and he was not given notice or an opportunity to dispute the debt prior to it being reported on his credit. *Id.* When Kinsey disputed the entry with the credit reporting agency, the debt was initially "validated" by Rent Recovery Solutions. After Kinsey re-submitted the dispute, the debt was removed from his credit report. *Id.*. Kinsey and Rent Recovery Solutions have since settled (Dkt. 17).

Kinsey provided proof of service of process on February 26, 2026 (Dkt. 38). The Legend at Speedway failed to answer or otherwise respond to Kinsey's Amended Complaint, and the time to do so has expired. On March 20, 2026, Kinsey moved for a clerk's entry of default judgment pursuant to Federal Rule of Civil Procedure 55(a) against The Legend at Speedway (Dkt. 39). A Clerk's Entry of Default was entered as to Defendant The Legend at Speedway on April 15, 2026 (Dkt. 41). Kinsey now seeks a default judgment against The Legend at Speedway pursuant to Federal Rule of Civil Procedure 55(b), and he seeks $6,000.00 in damages which includes actual damages, costs, and punitive damages (Dkt. 12 at 5; Dkt. 42).

## II. LEGAL STANDARD

Obtaining a default judgment entails two steps. First, the party seeking a default judgment must file a motion for entry of default with the clerk of court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint. Fed. R. Civ. P. 55(a). Second, the moving party must seek entry of a default judgment against the defaulting party. Fed. R. Civ. P. 55(b). The court may enter a default judgment against a party who has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(b)(2). The decision to grant or deny a default judgment

is within the court's discretion. *See Domanus v. Lewicki*, 742 F.3d 290, 301 (7th Cir. 2014) (indicating a decision on default judgment is reviewed for abuse of discretion).

A default judgment establishes the defendant's liability to the plaintiff on the cause of action alleged in the complaint. *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). "'Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true.'" *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). Damages, however, "must be proved unless they are liquidated or capable of calculation." *Wehrs*, 688 F.3d at 892. In this circuit, judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co.*, 722 F.2d at 1323.

## III. DISCUSSION

Kinsey asserts that The Legend at Speedway failed to communicate or make attempts to collect any debt from him prior to the negative credit entry and failed to give him notice or an opportunity to dispute the alleged debt before reporting it to Experian. (Dkt. 12 at 5). He contends that The Legend at Speedway's failure to take such steps violates the FDCPA and the FCRA. *Id.* Because The Legend at Speedway has not responded to Kinsey's Amended Complaint, all the well-pleaded allegations of the Amended Complaint relating to liability are taken as true. Those allegations include that The Legend at Speedway violated the FDCPA and the FCRA (*See* Dkt. 12 at 2).

With liability established, the Court turns to the relief requested. Kinsey seeks statutory damages under 15 U.S.C. § 1692k (a)(1), (a)(2)(A), and 15 U.S.C. § 1681n (a)(1)–(2). *Id.* The Legend at Speedway's failure to comply with the FDCPA entitles Kinsey to actual damages sustained by him as a result of The Legend at Speedway's failure, 15 U.S.C. § 1692k (a)(1), and additional damages that the Court may allow but not exceeding $1,000.00, *id.* § (a)(2)(A). Because

Kinsey does not allege that The Legend at Speedway willfully failed to comply with the FCRA, 15 U.S.C. § 1681n, he is entitled to damages for negligent noncompliance with the FCRA, which include actual damages sustained as a result of the failure, 15 U.S.C. § 1681o(a)(1), and costs, *id.* § (a)(2). However, the record contains insufficient evidence to determine the amount of damages.

A district court usually must conduct a hearing to determine the amount of damages with "reasonable certainty." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). However, such proceedings are unnecessary if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.* at 602 (quoting *Dundee Cement Co.*, 722 F.2d at 1323).

Here, Kinsey requests a judgment in the amount of $6,000.00 which is comprised of: $3,500.00 in compensatory damages for "credit-related injury, the impact of an inaccurate debt being pursued and reported, . . . time spent disputing and correcting the record, . . . emotional distress and reputational harm," and the credit application denial; $500.00 in costs; and $2,000.00 in "additional damages" (*i.e.*, punitive damages) "based on the seriousness of the conduct alleged." (Dkt. 42), However, Kinsey fails to provide documentary evidence or detailed affidavits to support his calculation of damages. He attaches some correspondence from Discover Bank in support of his Motion for Default Judgment which identifies the delinquency on Kinsey's credit report (Dkt. 42-3). However, the attachment fails to demonstrate that Kinsey's damages are $6,000.00 "with reasonable certainty." Without evidence, the Court cannot accept that figure absent an evidentiary hearing. The Court will therefore hold an evidentiary hearing to determine the judgment amount.

At the hearing, Kinsey should be prepared to testify regarding, and provide any documents he referenced or used in formulating, his demand of $6,000.00. The Legend at Speedway is also entitled to notice of the hearing and an opportunity to present evidence of damages at the hearing.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Default Judgment against the Defendant The Legend at Speedway, Dkt. [45] is **GRANTED** as to liability. A hearing on damages is scheduled for October 27, 2026, at 10:00 a.m. in Courtroom 344 of the Birch Bayh Federal Building and United States Courthouse, 46 East Ohio Street, Indianapolis, Indiana. Following the hearing, the Court will issue a separate entry on damages and final judgment.

**SO ORDERED**.

Date: 9/2/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

BRET KINSEY
310 N Northwood Drive
Parker City, IN 47368

John Henry Bedard, Jr
Bedard Law Group, P.C.
jbedard@bedardlawgroup.com

The Legend at Speedway
2202 Fair Oaks Drive
Speedway, IN 46224